IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM NELSON ANTOINE | § | |
| VS. | § | CIVIL ACTION NO. 1:18cv434 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner William Nelson Antoine, an inmate confined at the Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

On February 4, 2014, following a plea of nolo contendere before the 253rd Judicial District Court of Liberty County, Texas, petitioner was convicted of aggravated assault - enhanced and was sentenced to a term of fifteen years' imprisonment. Petitioner did not appeal his conviction and sentence.

Petitioner filed a state application for writ of habeas corpus on July 30, 2018. A review of the website for the Texas Court of Criminal Appeals reveals that petitioner's state application for writ of habeas corpus was dismissed by the Texas Court of Criminal Appeals without written order for non-compliance with the Texas Rules of Appellate Procedure on August 30, 2018. *See* http://www.search.txcourts.gov/Case.aspx?cn=WR-88,750-01&coa=coscca.

The Petition

Petitioner brings this petition for writ of habeas corpus asserting the following grounds for review: (1) he was denied the effective assistance of trial counsel; (2) the Court of Criminal Appeals

erred in dismissing his application for writ of habeas corpus; (3) he was denied due process; and (4) he was denied equal protection of the law.

Analysis

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, amended 28 U.S.C. § 2244 by imposing a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. 28 U.S.C. § 2244(d)(1), as amended, provides in pertinent part the following:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner was convicted on February 4, 2014. Petitioner did not appeal his conviction or sentence. Therefore, petitioner's conviction became final on March 6, 2014.[1] Accordingly, petitioner's federal petition was due on or before March 6, 2015, absent any tolling.

Petitioner filed his first application for writ of habeas corpus in state court on July 30, 2018. However, a state application for writ of habeas corpus which is filed after the federal limitations

---

[1] If no appeal is filed, a conviction becomes final 30 days after the trial court imposes the sentence or the sentence is suspended in open court. TEX. R. APP. P. 26.2(a)(1).

period has expired does not revive any portion of the fully-expired limitations period. *See Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999). As petitioner's first state application for writ of habeas corpus was not filed until after the expiration of the one-year limitations period, the petition did not serve to toll the limitations period.

Petitioner filed the above-styled federal petition for writ of habeas corpus on September 5, 2018. However, the applicable statute of limitation expired more than three years earlier. As a result, the petition for writ of habeas corpus is barred by the applicable period of limitations and should be dismissed.[2]

The petition is absent any allegations that exceptional circumstances existed such as to potentially warrant the application of equitable tolling for such a lengthy delay as in this petition. As a result, the petition for writ of habeas corpus is barred by the applicable period of limitations and should be dismissed.

Additionally, petitioner failed to properly exhaust state habeas remedies. A review of petitioner's memorandum of law in support of his petition reveals that the Texas Court of Criminal Appeals dismissed his application for writ of habeas corpus for non-compliance with the rules. Further, the affidavits petitioner attempts to present in support of this petition were dated after his state application for writ of habeas corpus was dismissed; thus, they could not have been reviewed by the Court of Criminal Appeals.

## Recommendation

The above-styled petition for writ of habeas corpus should be dismissed as barred by limitations and for failing to exhaust state habeas remedies.

---

[2] The Court notes the petition is absent any allegations that exceptional circumstances existed such as to potentially warrant the application of equitable tolling.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 17th day of December, 2018.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE