IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM NELSON ANTOINE, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 1:18-cv-434 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional Institutions | § | |
| Division, | § | |
|     Respondent.[1] | § | |

## RESPONDENT'S ANSWER WITH BRIEF IN SUPPORT

Petitioner William Nelson Antoine (Antoine), upon a plea of guilty, was properly convicted and sentenced to fifteen years' imprisonment by a Texas state court for the felony offense of aggravated assault. He challenges his sentence and conviction through a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254. But, Antoine's first four claims should be dismissed as time-barred. Antoine's fifth claim should be dismissed as unexhausted or as not cognizable on federal habeas review.

## JURISDICTION

Antoine seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and

---

[1]   For purposes of clarity, Respondent will be referred to as "the Director."

the parties as Antoine was convicted in Liberty County, which is within this Court's jurisdiction. 28 U.S.C. § 124(b)(2).

## PETITIONER'S ALLEGATIONS

The Director understands Antoine to allege the following:

1. His trial counsel was ineffective and violated his Sixth Amendment rights;

2. There was insufficient evidence to support the finding of a deadly weapon;

3. His plea was involuntary because he was under duress of his trial counsel;

4. The trial court violated his Fourteenth Amendment rights of due process and equal protection because he is actually innocent and Texas Department of Criminal Justice (TDCJ) prison officials are improperly making his case aggravated; and

5. The Court of Criminal Appeals (CCA) erred by failing "to give a finding in law de novo."

ECF No. 1 at 6-7.

## GENERAL DENIAL

The Director denies all of Antoine's assertions of fact except those supported by the record or specifically admitted herein. In addition, the Director opposes any future, substantive motions filed by Petitioner—including, without limitation, a motion to amend and/or supplement his petition, a motion for equitable tolling, and a motion for an evidentiary hearing—and will respond to any such motions only upon order of the Court.

2

## STATEMENT OF THE CASE

The Director has lawful custody of Antoine pursuant to a judgment and sentence entered in cause number CR29860, in the 253rd District Court of Liberty County, Texas, styled *The State of Texas v. William Nelson Antoine.* *See* SHCR-01 at 3-5 (Judgment of Conviction).[2] After being fully admonished in writing and in open court of the consequences of his plea, Antoine pled guilty to one count of aggravated assault with a deadly weapon on January 13, 2014. *See* Exhibit A at 3-9. On February 4, 2014, the trial court sentenced him to fifteen years' imprisonment for "aggravated assault - enhancement." *See* SHCR-01 at 3. The state then filed a Motion for Corrected Judgment so that the judgment would reflect the correct charge of aggravated assault with a deadly weapon. *See id.* at 7. Antoine's counsel agreed to this motion. *See id.* On February 19, 2014, the court granted the state's motion for corrected judgment. *See id.* at 12. On that same date, the judgment was corrected to reflect the correct charge of aggravated assault with a deadly weapon with the judgment commencing on February 4, 2014. *See id.* at 13-15.

---

[2] "SHCR" refers to the Clerk's Record of pleadings and documents filed with the court during Petitioner's state habeas corpus proceedings. *See generally, Ex parte Antoine*, Application No. 88, 750-01 and -02. The Director will designate the first state habeas application as "SHCR-01" and the second state habeas application as "SHCR-02."

Antoine did not file a direct appeal. *See* Texas Court of Criminal Appeals, Case Search: Style – "Antoine, William", available at http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last visited June 3, 2020). Antoine filed a state habeas application on June 4, 2018, at the earliest. *See* SHCR-01 at 31 (Antoine's signature date). On August 15, 2018, the CCA dismissed the application as non-compliant with Rule 73.1 of the Texas Rules of Appellate Procedure. *Id.* at Action Taken Sheet. As early as May 28, 2019, Antoine filed a second state habeas application. *See* SCHR-02 at 36. The CCA denied that application without written order on July 31, 2019. *Id.* at Action Taken Sheet.

As early as August 28, 2018, Antoine executed the instant federal petition. *See* ECF No. 3 at 10. On December 17, 2018, the Court recommended that this petition be dismissed as barred by limitations and for failing to exhaust state remedies. *See* ECF No. 13 at 3. On January 3, 2019, Antoine filed an objection to this recommendation. *See generally* ECF No. 16. On March 19, 2019, Antoine filed a motion to file a second or successive petition, but it was later denied that motion as unnecessary on March 17, 2020. *See* ECF Nos. 20 and 23, respectively. On April 20, 2020, this Court then filed an Order to Show Cause for the Respondent to file a response. *See* ECF No. 24.

## STATE COURT RECORDS

The Director will submit copies of Antoine's state court records to this Court within twenty (20) days of filing this answer.

## EXHAUSTION/LIMITATIONS/SUCCESSIVE PETITION

The Director does not believe that Antoine's petition is subject to the successive petition bar under 28 U.S.C. §2244(b). However, Antoine's first four claims are barred by the statute of limitations under 28 U.S.C. §2244(b), and his fifth claim is barred by the exhaustion doctrine under 28 U.S.C. §2254(b—d). The Director reserves the right to argue successive petition, statute of limitations, exhaustion, and any other procedural bars should Antoine or this Court disagree with the Director's procedural bar argument, her construction of the claims presented, or should Antoine attempt to add new claims or evidence.

## ANSWER WITH BRIEF IN SUPPORT

### I. Antoine's First Four Claims Are Time-Barred.

Antoine's first four claims relate to his 2014 conviction of aggravated assault. *See* ECF No. 3 at 6-7. These claims are barred by the statute of limitations, and therefore should be dismissed with prejudice.

Because the instant petition was filed on August 28, 2018,[3] it is subject to review under the amendments to the federal habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Kiser v. Johnson*, 163 F.3d 326, 327 (5th Cir. 1999).

AEDPA provides a one-year period for filing federal habeas corpus petitions by persons in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1). Section (d)(1) provides four different scenarios which start the running of the one-year limitations period, and the period runs from the latest of the four scenarios. 28 U.S.C. § 2244(d)(1)(A)-(D). As it relates to this motion, AEDPA provides that:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

---

[3] A federal petition is considered filed on the date it was delivered to prison authorities for mailing. *See Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009), *citing Spotville v. Cain*, 149 F.3d 374, 376–78 (5th Cir. 1998) (for purposes of determining the applicability of AEDPA, a federal petition is filed on the date it is placed in the prison mail system). Therefore, Antoine's petition could not have been "filed" sooner than August 28, 2018, the date he executed this federal petition declaring under penalty of perjury when he placed it in the prison mail system. *See* ECF No. 3 at 10.

the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2019).

Applying the one-year limitation period contained within § 2244(d) to Antoine's petition shows that his first four claims challenging his conviction are untimely and barred by the statute of limitations. *See* ECF No. 3 at 6-7. Since Antoine attacks his judgment and sentence in cause number CR29860, the one-year period of limitation ran from "the date on which the judgment[s] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, Antoine was convicted and sentenced to fifteen years' confinement on February 19, 2014, with the sentence commencing on February 4, 2014. *See* SHCR-01 at 13. Since Antoine waived and did not a pursue a direct appeal, the one-year limitation period for filing a federal petition began no later than thirty days later on March 6, 2014

and ended March 6, 2015, unless he had a properly filed application for State post-conviction or other collateral review to toll the running of the limitations period. *See* Tex. R. App. Proc. 26.2(a)(1) (2018); 28 U.S.C. § 2244(d)(2); *see Artuz v. Bennett*, 531 U.S. 4 (2000).

Here, Antoine is not entitled to such tolling. Antoine filed his first state habeas application challenging his conviction on June 14, 2018. *See* SHCR-01 at 31. The application was dismissed by the CCA as non-compliant on August 15, 2018. *See id.* at Action Taken Sheet. As this date is over one year and four months beyond the March 6, 2015 filing deadline, his state habeas application fails to toll the federal filing deadline. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("state habeas application did not toll the limitation period under §2244(d)(2) because it was not filed until after the period of limitation had expired."). Further, because this first state habeas application was dismissed by the CCA as noncompliant with Rule 73.1 of the Texas Rules of Appellate Procedure, Antoine is not entitled to tolling during the time period this habeas application was pending but not properly filed. *See Artuz*, 531 U.S. at 8; *see also Koumjian v. Thaler*, 484 Fed. App'x 966 (5th Cir. 2012) (state habeas application dismissed as non-compliant with Rule 73.1 of the Texas Rules of Appellate Procedure was not "properly filed" and therefore did not toll AEDPA's limitations period).

Antoine filed a second state habeas application on May 28, 2019. *See* SHCR-02 at 36. Like the first state habeas application, this application does not toll the limitations period because it was filed after the March 6, 2015 filing deadline. *See Scott*, 227 F.3d at 263.

Accordingly, when Antoine filed his federal petition on August 28, 2018, he exceeded the Fifth Circuit's "reasonable period" by three (3) years, five (5) months and twenty-three (23) days, and, as a matter of law, his claims pertaining to his 2014 conviction are untimely.

A.  **No Other AEDPA Provision Applies the Limitations Period.**

Here, the record does not reflect that any unconstitutional "State action" impeded Antoine from filing for federal habeas corpus relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Furthermore, Antoine has not shown he could not have discovered the factual predicate of his claim until a date subsequent to the date his conviction became final. 28 U.S.C. § 2244(d)(1)(D).[4] In fact, the claims Antoine raises in this action were available

---

[4]  In response to the question regarding the timeliness of the petition in his federal petition, Antoine states that there is newly discovered evidence showing actual innocence; however, Antoine does not present that evidence, nor does he substantiate any supporting facts. *See* ECF No. 3 at 9. Thus, this is merely a conclusory statement. *See Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (finding that "absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and in federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value").

to him, at the very latest, when his judgment became final in March 2014, and he advances no reason for not filing this petition earlier.[5] Finally, his claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Since Antoine does not satisfy any of the exceptions to AEDPA's statute of limitations, consideration of his first four claims are barred.

### B. Antoine is not entitled to equitable tolling.

Lastly, if Antoine seeks application of equitable tolling as he argues in his objection to the magistrate's report and recommendations, *see generally* ECF No. 16, he is not entitled to such as no rare and exceptional circumstances exist here.

Antoine bears the burden of proving the "extraordinary circumstances" necessary to justify equitable tolling. *Phillips v. Donnelly*, 26 F.3d 508, 511 (5th Cir. 2000). The Fifth Circuit has explained that,

> "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). Equitable tolling

---

[5] Any claim by Antoine that he was not aware of AEDPA statute of limitations; that the prison law library did not have a copy of AEDPA or that he was proceeding pro se, does not serve to toll the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 172–73 (5th Cir. 2000). Further, any claim that illegal denial of an appeal would toll the statute of limitations was foreclosed in *Molo v. Johnson*, 207 F.3d 773, 775–76 (5th Cir. 2000) ("[a] criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll AEDPA's statute of limitations."); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th. Cir. 2002) (attorney mistake not entitled to tolling, especially where counsel waited so long).

10

> will be granted in "rare and exceptional circumstances," *id*. at 811, and will not be granted if the applicant failed to diligently pursue his rights, *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "Equitable tolling applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999).

*Larry v. Dretke*, 361 F.3d 890, 896–97 (5th Cir. 2004).

No rare and exceptional circumstances are presented here to excuse Antoine's belated filing. Although Antoine argues he is actually innocent of the crime, he neglects to substantiate this assertion.

In *McQuiggin*, the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup*. *McQuiggin v. Perkins*, 569 U.S. 383, 398 (2013); *Schlup v. Delo*, 513 U.S. 298, 314–16 (1995). A habeas petitioner who alleges "actual innocence" must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 326–27; *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to

11

factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

In this case, Antoine asserts in his petition that the trial court violated his Fourteenth Amendment Rights of Due Process and Equal Protection because he is actually innocent. *See* ECF No. 3 at 7. Similarly, in a later pleading, Antoine also asserts that he is actually innocent of the crime, because there was no finding of a deadly weapon. ECF No. 16 at 2. But, in both of these pleadings, Antoine fails to point to or present any "new, reliable evidence" as is required to meet the actual innocence exception to AEDPA's statute of limitations. ECF No. 3 at 7; ECF No. 16 at 2; *see Schlup*, 513 U.S. at 326–27 *Schlup*, 513 U.S. at 326–27.

Since Antoine fails to support his "actual innocence" assertion with any evidence, much less "new, reliable evidence," he is not entitled to equitable tolling and his allegations should be dismissed as barred by the federal habeas corpus statute of limitations.

II. **Antoine's Fifth Claim That the CCA Committed Error Is Unexhausted And Not Cognizable In Federal Habeas Review; Thus, It Should Be Dismissed With Prejudice.**

Antoine complains that the CCA committed error by "failing to give a finding in law de novo." *See* ECF No. 3 at 6. First, this claim is unexhausted

since Antoine never presented it in state court.[6] *Compare* SHCR-02 at 26-32 *with* ECF No 3 at 6-7.

Regardless, this claim is not cognizable on federal habeas review. The Fifth Circuit has held: "infirmities in state habeas corpus proceedings do not state a claim for federal habeas corpus relief." *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984); *see Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotation marks omitted); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992) (same); *Millard v. Lynaugh*, 810

---

[6] The exhaustion requirements of 28 U.S.C. § 2254(b) and (c) read in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; . . .

> (c) an applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (2019). Therefore, because Antoine did not present this claim in his state habeas petition, but did raise it in his federal petition, the claim is unexhausted and should be dismissed. *Compare* SHCR-02 at 26-32 *with* ECF No 3 at 6-7.

13

F.2d 1403, 1410 (5th Cir. 1987) (same). Therefore, this claim should be dismissed.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that Antoine's first four claims be dismissed with prejudice as time-barred. Additionally, the Director requests that Antoine's fifth claim be dismissed with prejudice. Lastly, the Director respectfully requests that this court deny a certificate of appealability.

                              Respectfully submitted,

                              KEN PAXTON
                              Attorney General of Texas

                              JEFFREY C. MATEER
                              First Assistant Attorney General

                              MARK PENLEY
                              Deputy Attorney General
                              for Criminal Justice

                              EDWARD L. MARSHALL
                              Chief, Criminal Appeals Division

                              <u>/s/ Deanna Vella</u>
                              DEANNA VELLA*
*Lead Counsel               Assistant Attorney General
                              State Bar No. 24113446

                              Criminal Appeals Division
                              P. O. Box 12548, Capitol Station
                              Austin, Texas 78711

(512) 936-1400
(512) 936-1280 (FAX)

ATTORNEYS FOR RESPONDENT

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the above and foregoing pleading has been served by placing same in the United States mail, postage prepaid, on June 26, 2020, addressed to:

William Nelson Antoine
TDCJ-CID # 1911591
Clements Unit
9601 Spur 591
Amarillo, Texas 79107

                                 /s/ Deanna Vella
                                 DEANNA VELLA
                                 Assistant Attorney General